ELIZABETH BLUE BREWER AND RUSSELL BREWER v. ERNEST
DAVIS

No. 7316DC86

(Filed 17 April 1974)

**Fixtures; Landlord and Tenant § 20— removal of items at termination of
lease**

What constitutes a "trade fixture" attached to the demised prem-
ises by a tenant and removable by him at the end of his term, either
as a matter of right or by special agreement, depends upon the facts
of each particular case; however, the trial court in this case made
factual findings as to the amount of damages due plaintiffs for items
taken from the premises and for injury to the structure in the process
of removal when there was not sufficient evidence to support those
findings.

APPEAL by defendant from *Britt, Judge,* 11 September 1972
Session of District Court held in ROBESON County.

Civil action tried by the judge without a jury.

In 1962 defendant Davis rented from one Nye a building
on the outskirts of Fairmont, N. C., in which Davis operated a
restaurant. Nye died shortly thereafter, and Davis continued
to rent from Nye's heirs until the summer of 1968, when plain-
tiffs, Elizabeth Blue Brewer and Russell Brewer, purchased
the property. Plaintiffs took over occupancy of the building
from Davis in July 1968, and this dispute arose out of the con-
dition of the premises at that time.

When Davis began renting in 1962, the building contained
an old style drink fountain, a hot water heater, and a kitchen
sink. During the time of his occupancy, Davis made significant
changes, adding removable shelves, counters, an ice maker, a
carbonated water system, a water pump, and two window air-
conditioning units, as well as replacing the hot water heater
and kitchen sink. The Brewers also intended to operate a restau-
rant in the building, and while negotiating with the owner for
its purchase in 1968 they also negotiated with Davis about pur-
chasing from him the equipment he had placed in the building,
but no agreement was reached. Davis subsequently left the prem-
ises and took with him the equipment which he had installed,
in the process cutting the pipes which connected the hot water
heater, sink and ice maker to the plumbing and removing all
light bulbs and tubes from the lighting fixtures and the wiring
which connected the air-conditioning units to the electrical sys-

tem. The Brewers entered the premises and made significant expenditures in readying the building for operation as a restaurant.

The Brewers brought this suit against Davis in the District Court of Robeson County, alleging that Davis had removed permanent fixtures which passed with the realty and had injured the building's floors, walls, plumbing and wiring in the process. Following trial without a jury, the trial judge entered judgment for the plaintiffs in the sum of $950.00, and defendant appealed.

*Bruce W. Huggins for plaintiff appellees.*

*W. Earl Britt for defendant appellant.*

PARKER, Judge.

What constitutes a "trade fixture" attached to the demised premises by a tenant and removable by him at the end of his term, either as a matter of right or by special agreement, depends upon the facts of each particular case. *Springs v. Refining Co.*, 205 N.C. 444, 171 S.E. 635. In the present case, the trial court found "the facts specially," as required by G.S. 1A-1, Rule 52(a)(1). Included were specific findings that certain of the items of equipment installed upon the premises by Davis during the period of his occupancy as tenant remained his property and were subject to be removed by him, while other items were found by the court "to be attached in such a way as to become an integral part of the property and not subject to be removed by the defendant from the premises." Although the evidence was conflicting, there was some evidence to support the court's factual findings insofar as these related to which items were, and which were not, subject to be removed by Davis.

In other respects, however, the court's factual findings were not sufficiently supported by the evidence. Mrs. Brewer did testify to a long list of payments which the Brewers had made to various persons who had furnished goods or services to the Brewers after they had acquired ownership and possession of the premises. The list, however, failed to indicate what goods and services the various payees were being compensated for, and under examination by the court as well as by the parties, Mrs. Brewer was unable to furnish much clarification. Her

testimony was at best extremely confused. Though the testimony of Mr. Brewer was in some respects more precise, we find that the entire evidence was simply not sufficient to support the court's detailed factual findings as to the amount of damages awarded to the plaintiffs.

For failure of the evidence to support the factual findings as to the amount of damages awarded, the judgment is reversed and this cause is remanded for a

New trial.

Chief Judge BROCK and Judge MORRIS concur.